| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE | Hearing Date: February 4, 2015 |
| OFFICE OF THE UNITED STATES TRUSTEE | Hearing Time: 10:30 AM |
| 74 Chapel Street, Suite 200 | Hearing Location: Albany, NY |
| Albany, New York 12207 | |
| Kevin Purcell, Trial Attorney | |
| (518) 434-4553 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

*In re:*                                                          Case No. 14-10660- rel

    **Ultimate Fitness LLC,**                        Chapter 11

                *Debtors.*

**United States Trustee's Objection to the
Adequacy of Information in the
Debtor's First Amended Disclosure Statement and Plan**

TO:    HON. ROBERT E. LITTLEFIELD, JR.,
        UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2, in furtherance of duties and responsibilities pursuant to 28 U.S.C. § 586(a)(3) and (5), respectfully submits this objection to the adequacy of information in the Debtor's First Amended Disclosure Statement, Plan and attached exhibits, (together, the "Disclosure Statement") (Doc. No. 47) pursuant to 11 U.S.C. § 1125.

In support of this objection, the United States Trustee respectfully represents and alleges as follows:

## I.    Introduction

The United States Trustee objects to the adequacy of information presented in the Debtor's Disclosure Statement under 11 U.S.C. § 1125. The United States Trustee has identified

1

informational deficiencies where adequate information is not contained in the Disclosure Statement, including:

- Only two of seven required exhibits are attached to the Disclosure Statement
- Cash on Hand in the Liquidation Analysis is not supported by operating reports
- The Plan will apparently be funded by gifts from its owner
- The treatment offered to the Internal Revenue Service does not comport with *In re Boston Post Road Limited Partnership,* 21 F.3d 477 at 483 (2nd Cir. 1994).

## II. Statement of Facts

1. Ultimate Fitness, LLC ("Debtor") commenced this proceeding by filing a voluntary petition under chapter 11 on March 27, 2014 (Doc. No. 1).

2. The Debtor is a single member limited liability company. The Debtor's sole member, James DeFalco ("Mr. DeFalco"), operates and manages two fitness centers.

3. On March 28, 2014, the Court entered an Order Directing Duties of Debtor in Possession ("Order on Debtor's Duties") (Doc. No. 11).

4. The Debtor did not indicate on the Petition that it is a "small business debtor" as defined in 11 U.S.C. § 101(51D). The Debtor has failed to file the documents required of all small business debtors, pursuant to 11 U.S.C. § 1116(1).

5. The Debtor owns one parcel of commercial real estate, currently without tenants. The Debtor discloses only one creditor secured against its real estate, the City of Schenectady for real estate taxes.

6. On July 25, 2014, the Debtor filed a Motion to Approve Filing of Combined Plan and Disclosure in Small Business Case and to Have Combined Hearing on Disclosure and Confirmation and its "Disclosure and Plan Statement."

7.  Although the Debtor has labeled the case a "Small Business Case under Chapter 11," the original Disclosure Statement and Plan filed did not comport with Official Forms 25 A and 25 B, the official forms for Small Business Disclosure Statements and Plans.

8.  To resolve the motion to combine hearing dates and the United States Trustee's previously filed motion pursuant to 11 U.S.C. § 1112(b), the Court denied the motion to combine, on consent, and granted a Conditional Order Dismissing Case ("Conditional Order") (Doc. No. 46) on November 20, 2014.  The Conditional Order required the Debtor to file an amended Disclosure Statement on or before December 1, 2014 and stay current on filing monthly operating reports ("MOR") and paying quarterly fees.

9.  The Debtor timely filed a first amended Disclosure Statement and Plan, with exhibits.

10. The last complete MOR filed is for the period ending August, 2014.  The Debtor owes quarterly fees in the estimated amount of $975.00 for the period ending December 31, 2014.  Quarterly fees are not included in the administrative expense class.

11. On June 9, 2014, the Internal Revenue Service timely filed amended Claim 2, in the amount of $71,232.75.

12. On January 26, 2015, the City Of Schenectady filed an objection to the adequacy of information in the Debtor's first amended Disclosure Statement and Plan.  The objection is based on the Debtor's failure to treat the City Of Schenectady in compliance with 11 U.S.C. § 1129(a)(9)(C).

### III. Argument

#### A. Non-Compliance with Official Forms

There is no prohibition for non-small business debtors using Official Forms 25A and 25B to achieve "adequate information" as used in 11 U.S.C. § 1125.  This Debtor's petition declares

3

that it is not a small business debtor, nevertheless, the Debtor has attempted to use the official forms. Non-small business Debtors that use the official forms should, as would be required of a true small business debtor, strictly comply with the forms, filling in all blanks and attaching all exhibits. This Debtor has failed to achieve "adequate information" because it has failed to attach the majority of required exhibits, specifically:

> Exhibit B – Identity and Value of Material Assets of the Debtor,
> Exhibit C – Prepetition Financial Statements,
> Exhibit D – Most recently filed Postpetition Operating Report,
> Exhibit E – Liquidation analysis (filed but not in required format), and
> Exhibit F – Cash on Hand on Effective date of the Plan.

The Debtor did file its Plan as Exhibit A and projections for cash flow. The projections filed are of limited use in that they fail to show plan payments as deductions from cash flow. Without all exhibits attached, the disclosure statement and plan do not contain adequate information.

### B. Liquidation Analysis Cash on Hand Unsupported by Operating Reports

The Debtor's most recent operating report for August 2014, discloses cash on hand in the operating account of $14,406.40. The Debtor's Disclosure Statement at page 11 mentions it has approximately $17,000 cash on hand. Without monthly operating reports filed, there is no method available to verify the amount of cash held.

The Liquidation Analysis filed is in a narrative format. Official Form 25B Exhibit E is in an accounting format designed to disclose the percentage payable to the unsecured creditor class. That calculation is lacking in the Debtor's Disclosure Statement and Plan. The amount that the Debtor proposes to pay to the unsecured class is also not stated.

### C. Funding the Plan

Two sections of the Disclosure Statement pertain to how the Plan will be funded. The Debtor's Disclosure Statement at page 5 declares, "B. Operations of the Debtor During the Bankruptcy - Postpetition the debtor has continued to operate the two Bally health and fitness

4

facilities under the acquisition agreements owned by James DeFalco. These contracts have proved exceeding valuable and have produced substantial revenue to the Debtor."

The Debtor's Disclosure Statement at page 8 declares, "D. Means of Implementing the Plan - Mr. DeFalco is funding the plan through his profits from his operations of the Bali Fitness franchises."

The Debtor has not provided to the United States Trustee, or attached to the Disclosure Statement or Plan any document that explains the right the Debtor has to money generated by the "acquisition agreements" that are owned by Mr. DeFalco. No document indicating that a contract exists between the Debtor and the "Bali Fitness franchises" is attached to the Disclosure Statement or Plan. Because the funding of the plan appears to rely on gifts from Mr. DeFalco, the Plan is entirely speculative.

The speculative nature of the proposed funding could be remedied by showing that Mr. DeFalco has deposited sufficient funds into the Debtor in Possession account to pay the claim in full on the effective date. That information should be added to the Debtor's Exhibit F – Cash on Hand on Effective date of the Plan.

**D. Internal Revenue Service Claim**

The Disclosure Statement at page 9 creates a separate tax class for the Internal Revenue Service;

> Class 2(B) Consists of the disputed tax claim of the U.S. Treasury as filed by the Internal Revenue Service. This class will be paid the amount determined by the Court or agreed by the parties thirty dates after resolution or on the effective date of the plan whichever is later.

The Debtor contemplates resolving Claim 2 filed by the Internal Revenue Service. The claim may be amenable to resolution because it is based on unfiled FICA and FUTA returns

dating back as far as 2007. When the returns are filed, there may be significant difference in the amount owed. The Debtor does not set itself a deadline to file the missing returns.

However, just because the claim is subject to resolution does not mean that the Debtor is empowered to create a separate class and offer a tax creditor a discriminatory plan treatment and one that fails to comply with 11 U.S.C. § 1129(a)(9)(C). *See In re Boston Post Road Limited Partnership,* 21 F.3d 477 at 483 (2nd Cir. 1994) (holding the debtor was unable and failed to adduce credible proof of any legitimate reason for segregating the FDIC's unsecured claim from the unsecured claims of BPR's trade creditors.) The Court's docket shows no action taken to resolve the Internal Revenue Service claim.

### IV. Conclusion

**WHEREFORE,** for all the reasons above, the United States Trustee respectfully requests that the Court deny approval to the Debtor's First Amended Disclosure Statement and Plan, and grant such other and further relief as is deemed just and proper.

DATED:   January 28, 2015
         Albany, New York

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: /s/   Kevin Purcell
Kevin Purcell, Trial Attorney
Bar Roll No.: 512555
74 Chapel Street, Suite 200
Albany, New York 12207
Voice: (518) 434-4553
Fax:    (518) 434-4459
Email: kevin.j.purcell@usdoj.gov