UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

ULTIMATE FITNESS LLC,　　　　　　　　　　　Case No. 14-10660
　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　　　　　Debtor.

---

## OBJECTIONS TO CONFIRMATION OF PLAN

The City of Schenectady, by and through its attorneys, Goldberger and Kremer, as and for its Objections to the Confirmation of the Plan of Ultimate Fitness LLC, hereby states:

1. Debtor filed a Chapter 11 Bankruptcy Petition in this Court on or about March 27, 2014. The City of Schenectady is owed $133,195.42 for pre-petition real estate taxes owed on Debtor's real property at 237 State Street in Schenectady, NY. A Proof of Claim was filed on or about June 17, 2014 with a breakdown of the taxes owed as well as a copy of City of Schenectady Local Law No. 6-2000 which establishes the interest rate to be applied to unpaid taxes at 21% per annum.

2. The Plan proposes to pay the City's secured tax claim at the rate of <u>12%</u> interest in monthly payments of "$3,603.38 and a final payment of any balance due on the claim as allowed no later than January 31, 2019."

3. Bankruptcy Code Section 1129(a)(9)(D) requires the Debtor to pay the City's secured tax claim in regular installment payments over a period ending no later than five (5) years after the bankruptcy filing. Bankruptcy Code Section 511(a) requires the Debtor to pay the City's claim with interest at the rate provided for under applicable non-bankruptcy law. The City has set the interest rate at 21%.

4. Therefore, the City's secured claim must be paid in regular installment payments with interest at 21% per annum. Payment in full must be received by March 26, 2019. Debtor proposes to pay $3,603.38 per month and a "final payment of any balance due" no later than January 31, 2019. The "balance due" on January 31, 2019 would be approximately $116,000.00. The Plan fails to comply with Bankruptcy Code Section 1129(a)(9)(D) because the Plan does not propose to pay the City's claim in regular installment payments.

5. The Plan does not propose to make regular installment payments to the City and does not propose to pay interest at 21%. The Plan cannot be confirmed.

6. Post-petition real property taxes in the amount of $7,047.17 are due by the Debtor. The Plan must provide that these post-petition taxes are to be paid on the effective date of the Plan pursuant to Bankruptcy Code Section 1129(a)(9)(A). The Plan fails to provide for payment of the post-petition taxes, or any other administrative claims, in any manner. Therefore, the Plan cannot be confirmed.

7. Confirmation of a Plan must be denied under Bankruptcy Code Section 1129(a)(11) where it is likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. In other words, the Plan must be feasible. To confirm a Plan, the Debtor must present realistic cashflow projections to illustrate that it can fund the Plan and maintain operations.

8. Debtor has never operated any fitness center at 237 State Street in Schenectady or any other location. The projections included in the Debtor's Disclosure Statement are therefore speculative. There is no basis for Debtor's projection that "net sales" will

exceed $385,000 in 2015 and increase thereafter. Debtor has not even opened the fitness center at 237 State Street or begun selling memberships. It is not operating, has no employees, and generates no cashflow. The projections contained in the Disclosure Statement and the Plan appear to rely upon income received by Mr. DeFalco through his personal operation of two (2) Bally's Fitness franchises. There is no contractual relationship between the Debtor and Mr. DeFalco regarding his personal operation of the two (2) Bally's Fitness franchises. The success of the Plan is wholly contingent upon Mr. DeFalco's continued willingness to fund it.

9. Neither the Disclosure Statement nor any of the monthly operating reports filed by the Debtor provide any realistic basis to conclude that the Debtor will be able to fund the Plan, rehabilitate the property, operate its business, and pay its expenses, including real property taxes, moving forward. The Plan is simply not feasible.

10. Therefore, the City requests that confirmation of the Plan be denied on the basis that (1) the Plan proposes to pay the City's claim at an interest rate less than that established by Local Law No. 6-2000; (2) the Plan fails to provide for payment of the City's claim in regular installment payments; (3) the Plan fails to provide that the post-petition taxes will be paid on its effective date; and (4) the Plan is not feasible.

Dated: April 7, 2015

By: _____
Brian S. Kremer
**GOLDBERGER AND KREMER**
*Attorneys for the City of Schenectady*
39 North Pearl Street, Suite 201
Albany, New York 12207
Telephone: (518) 436-8313